DOWNEY BRAND LLP
KEVIN M. SEIBERT (Bar No. 119356)
MEGHAN M. BAKER (Bar No. 243765)
3425 Brookside Road, Suite A
Stockton, CA 95219-1757
Telephone: (209) 473-6450
Facsimile: (209) 473-6455

Attorneys for Defendants
David Weymouth, an Individual
Rosalie Carbajal, an Individual

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTER FOR INDEPENDENT REHABILITIVE SERVICES, INC., a California corporation; DAVID WEYMOUTH, an individual; ROSALIE CARBAJAL; an individual; AND DOES 1-15, <br><br> Defendants. | Case No. 2:07-CV-00190-WBS-GGH <br><br> **STIPULATED PROTECTIVE ORDER** |

In this case, the parties have requested production of documents and other information that constitutes, reflects or discloses confidential, competitively sensitive, and/or proprietary information. To permit the parties to produce such sensitive information while safeguarding its confidentiality, Plaintiff Hanger Prosthetics & Orthotics, Inc., and Defendants David Weymouth, Rosalie Carbajal, and Center for Rehabilitative Services, by and through their respective counsel, hereby agree and stipulate as follows:

**1.     Scope of Stipulation.**

This Stipulation shall govern the disclosure and handling of all documents and other

discovery material produced or filed during discovery and other proceedings in this action, including, but not limited to, initial disclosures, answers to requests for admission, answers to interrogatories, documents produced pursuant to inspection demands, documents subpoenaed in connection with depositions, and deposition transcripts.

In connection with discovery, a party may produce confidential, competitively sensitive, and proprietary information, as well as documents and information that contains protected health information governed by the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations. This Stipulation constitutes a qualified protective order under HIPAA and shall govern the disclosure of documents and information subject to HIPAA.

The provisions of this Stipulation shall apply to all parties to this action who agree thereto, and any other person producing, receiving, or disclosing material in this action who agrees to be bound by the terms of this Stipulation.

**2. Defined Terms.**

(a) "Party" or "Parties" means Plaintiffs, Defendants, Cross-Complainants, Cross-Defendants, and anyone else acting upon their behalf or at their direction or control (including but not limited to their counsel, agents, employees, representatives, consultants, etc.).

(b) "Affected Party" means a Party, as defined above, who produces or who has been requested to produce Confidential Material and who has signed this Stipulation.

(c) "Person" includes a natural person, limited liability company, limited liability partnership, firm, association, organization, partnership, business, corporation, public entity or other person acting on behalf of such person.

(d) "Producing Person" means a Person, as defined above, producing or disclosing Material, as defined below, in this action.

(e) "Material" means all papers, documents, tapes, deposition testimony, including but not limited to writings or information stored electronically, or on tape, drum, disk or otherwise, including information produced, given, served, received, obtained, or filed during discovery and other proceedings in this action, including (i) initial disclosures, answers to requests for admission, answers to interrogatories, answers to request for admissions, and documents

produced by or obtained from any of the parties or present or former employees of the parties; (ii) depositions, transcripts and exhibits; and (iii) all copies, excerpts, and summaries prepared from such papers or documents.

(f) "Confidential Material" means any Material, as defined above, that the Producing Person reasonably believes is subject to protection as: (i) financial information; (ii) information pertaining to a third party which the party has a legal obligation to keep confidential; (iii) trade secrets; (iv) confidential propriety business information subject to protection under the law; (v) protected health information subject to HIPAA and its implementing regulations.

Confidential Material shall not include (i) documents or information of public record or otherwise in the public domain; (ii) documents filed with any federal or state agency and required by that agency to be made available to the public; (iii) documents or information which is or becomes generally available to the public without any breach of this order; (iv) documents received from a source independent of the designating party; and (v) documents lawfully possessed by the non-producing party prior to commencement of this litigation.

(g) "Confidential Information" means any information that constitutes, reflects or discloses Confidential Material, as defined above, but only the limited portions of briefs, memoranda, exhibits, or deposition testimony, or the limited portions of any other writing or information that mentions, discusses or refers to the Confidential Material.

(h) "Attorneys' Eyes Only Information" means any Confidential Material or Confidential Information that the Producing Person reasonably believes is subject to protection as: (i) highly sensitive financial information; (ii) competitively sensitive referral source information, except for information that constitutes, reflects, or relates to the referral sources whom Plaintiff Hanger Prosthetics & Orthotics, Inc. contends Defendants David Weymouth, Rosalie Carbajal, and Center for Rehabilitative Services wrongfully solicited; and (iii) competitively sensitive or highly confidential customer/patient information, except for information that constitutes, reflects, or relates to the customers/patients whom Plaintiff Hanger Prosthetics & Orthotics, Inc., contends Defendants David Weymouth, Rosalie Carbajal, and Center for Rehabilitative Services wrongfully solicited.

**3. <u>Designation of Confidential Material and Information.</u>**

(a) The Producing Person shall designate Confidential Material, Confidential Information, and Attorneys' Eyes Only Information in the manner described below:

(i) Documents that contain Confidential Material or Confidential Information shall be designated as such by stamping or otherwise legibly marking the document "CONFIDENTIAL" on each page of any such document prior to production. Documents that contain Attorneys' Eyes Only Information shall be designated as such by stamping or otherwise legibly marking the document "ATTORNEYS' EYES ONLY" on each page of any such document prior to production.

(ii) Responses to interrogatories or requests for admission that contain Confidential Material or Confidential Information shall be clearly designated as "CONFIDENTIAL" in the response in which the Confidential Material or Information appears. Responses to interrogatories or requests for admission that contain Attorneys' Eyes Only Information shall be clearly designated as "ATTORNEYS' EYES ONLY" in the response in which the Attorneys' Eyes Only Information appears.

(iii) As to depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material, Confidential Information, or Attorneys' Eyes Only Information shall be made by a statement to such effect on the record during the course of the deposition, or by written notice to the court reporter and all parties within twenty (20) calendar days following the receipt of the reporter's transcript of the deposition proceedings. If after expiration of the twenty day period, the transcript and/or exhibits have not been designated Confidential Material, Confidential Information, or Attorneys' Eyes Only Information, the undesignated transcript and/or exhibits may be disclosed without restriction.

If the transcript and/or exhibits have been designated Confidential Material, Confidential Information, or Attorneys' Eyes Only Information, the court reporter who attended the deposition shall thereafter bind the transcript in separate portions containing the Confidential Material/Information and Attorneys' Eyes Only Information, and the reporter shall place the appropriate legend on the cover of the Confidential or Attorneys' Eyes Only portions of the

transcript.  The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

(b) If an Affected Party discloses Confidential Material, Confidential Information, or Attorneys' Eyes Only Information without designating it as such, that Party may, within twenty (20) business days of disclosure, designate such documents, materials, or writings as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by providing written notice to counsel that such documents, materials, or writings should have been so designated and by providing a copy of said confidential items, bearing the required designation.  If after expiration of the twenty day period, documents, materials, or writings have not been designated Confidential Material, Confidential Information, or Attorneys' Eyes Only Information, the undesignated documents, materials and/or writings may be disclosed without restriction.

If documents, materials, or writings have been designated Confidential Material, Confidential Information, or Attorneys' Eyes Only Information within the twenty day period, such information, documents, or materials shall be covered by the terms and subject to the conditions set forth in this Stipulation as if they had been designated "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" on the date they were originally disclosed.  Upon receipt of documents, materials, or writings bearing the correct "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" designation, the receiving party shall, at its option, either return to the producing party or destroy, in whatever form stored or reproduced, any documents, materials, or writings that the Affected Party had inadvertently disclosed without the required "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation.

(c) In accordance with paragraph 2(h)(ii)-(iii), the Producing Person may not designate any Confidential Material or Confidential Information as "ATTORNEYS' EYES ONLY" that constitutes, reflects, or relates to the customers/patients and the referral sources whom Plaintiff Hanger Prosthetics & Orthotics, Inc., contends Defendants David Weymouth, Rosalie Carbajal, and Center for Rehabilitative Services wrongfully solicited.

**4.    Use.**

(a) All Confidential Material, Confidential Information, and Attorneys' Eyes Only

843695.3                                          5
STIPULATION

Information produced in this case shall be used only for the purposes of pre-trial proceedings (including, but not limited to, motions and briefing), trial preparation and trial, and any appeals in this case; Confidential Material, Confidential Information, and Attorneys' Eyes Only Information shall not be used for any other purpose whatsoever.

  (b) All Confidential Material and Confidential Information designated as such shall not be given, shown, made available or communicated to anyone except:

    (i) Outside and in-house counsel for the named parties to this action, including partners, associates, clerks, paralegals, and stenographic and support personnel assisting such counsel;

    (ii) Named parties to this action, including their directors, officers, and managing agents assisting in the prosecution or defense of this matter, or insurers;

    (iii) The Court, and court officials involved in this action (including without limitation, court reporters, persons operating video recording equipment at depositions, and any mediator or magistrate appointed by the Court, or agreed upon by the parties);

    (iv) Any Person to whom the Producing Person agrees in writing in advance of the disclosure or that the Court may order;

    (v) Any person indicated on the document as an author or addressee of the document, or who have outside of the litigation received copies of, the particular document or information;

    (vi) Witnesses being deposed or providing in-court testimony other than testimony at trial, which is addressed in paragraph 9 below;

    (vii) Experts or consultants retained by the attorneys of record to assist in the preparation of this matter for litigation, as well as the office personnel of any retained experts or consultants;

    (viii) Representatives of the party that produced the Confidential Material or Information.

    (ix) Any employee or agent of a copying service or similar entity to whom such

1  materials are provided for the purpose of making copies;

2      (c)    All Attorneys' Eyes Only Information designated as such shall not be given,

3  shown, made available or communicated to anyone except:

4          (i)    The outside attorneys of record for any party in this action, and the employees of such attorneys to whom, in the opinions of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such materials be shown;

8          (ii)    Experts or consultants retained by the attorneys of record to assist in the preparation of this matter for litigation, as well as the office personnel of any retained experts or consultants;

11          (iii)    Any employee or agent of a copying service or similar entity to whom such materials are provided for the purpose of making copies;

13          (iv)    Any person indicated on the document as an author or addressee of the document, or who have outside of the litigation received copies of, the particular document or information;

16          (v)    The Court and its officials involved in this action (including without limitation, court reporters, persons operating video recording equipment at depositions, and any mediator or magistrate appointed by the Court, or agreed upon by the parties);

20          (vi)    Non-party witnesses being deposed or providing in-court testimony other than testimony at trial, which is addressed in paragraph 9 below, but only if such party has knowledge pertinent to such materials;

23          (vii)    Any other Person to whom the Producing Person agrees in writing in advance of the disclosure or that the Court may order.

25      (d)    All Confidential Material and Confidential Information shall be carefully maintained so as to reasonably avoid access by persons who are not designed in paragraph 4(b), and all Attorneys' Eyes Only Information shall be carefully maintained so as to reasonably avoid access by persons who are not designed in paragraph 4(c).

(e) When Confidential Material, Confidential Information, and/or Attorneys' Eyes Only Information will likely be discussed, presented, or otherwise referenced during a deposition, the party claiming confidentially shall have the right to make arrangements to insure that only the persons who, in accordance with paragraph 4(b) and 4(c) would be permitted access to such materials, are present during said discussion, presentation, or reference.

**5. Acknowledgement and Agreement to Be Bound.**

(a) Should any counsel for a receiving party find it necessary, for the purposes of this action, to disclose Confidential Material or Confidential Information, in whole or in part, to any Person identified in paragraph 4(b) or 4(c) for the purpose of assisting in connection with this action, the undersigned counsel for such receiving party shall require, before such disclosure, that every such Person read this Stipulation and execute a copy of the Acknowledgment and Agreement to be Bound, attached hereto at Exhibit A, stating that he or she has read and understands this Stipulation and agrees to be bound by its terms. The original Acknowledgment and Agreement to be Bound shall be maintained in a file by the counsel originating the signing.

**6. Disclosure to Persons Other Than Those Specified in Paragraphs 4(b)-(c).**

(a) If an attorney for any party in the action desires to give, show, make available or communicate any information designated as "CONFIDENTIAL" to Persons other than those designed in paragraph 4(b), or any information designated at "ATTORNEYS' EYES ONLY" to Persons other than those designed in paragraph 4(c), the attorney must first disclose that Person's name and connection with this litigation in writing to counsel for the party who designated the material or information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and must obtain the written consent of the attorney for the party who designated the documents or information. If the party who designated the documents and/or information refuses to give its consent, that party must state its reasons in a writing postmarked within ten (10) calendar days of the postmark on the written notice of intent to disclose. Thereafter, the parties shall meet and confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the party desiring disclosure of such information may petition the Court for an order allowing disclosure. The burden shall be on the party desiring to prevent disclosure to demonstrate why such material

should not be disclosed.

(b) All persons to whom confidential material or information is made under paragraph 6(a) shall execute a copy of the Acknowledgment and Agreement to be Bound, attached hereto at Exhibit A, stating that he or she has read and understands this Stipulation and agrees to be bound by its terms. The original Acknowledgment and Agreement to be Bound shall be maintained in a file by the counsel originating the signing.

**7.   Challenges.**

(a) By entering into this Stipulation, no party concedes that any Material does in fact contain or reflect confidential information or has been properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b) A party shall not be obligated to challenge the propriety of the designation of Material as at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

(c) If an a party at any time challenges the designation of specific documents or information, it shall send a written notice to the Producing Person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Producing Person or the challenging party may, through a joint statement of discovery dispute, or where appropriate under the local rules, on noticed motion, apply for an appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise. Nothing in this paragraph is intended to preclude a party from applying for an order shortening time on such noticed motion, or applying for relief on an ex parte basis. The burden shall be on the party seeking to sustain the designation of confidentiality to demonstrate why such material is Confidential Material, Confidential Information, or Attorneys' Eyes Only Information.

(d) The foregoing is without prejudice to the right of any party to: (i) apply to the Court for a further protective order relating to any Confidential Material, Confidential Information, or Attorneys' Eyes Only Information; (ii) object to the production of documents it considers to be not subject to discovery; or (iii) apply to the Court for an order compelling

production of documents, seeking modification of this Stipulation, permitting disclosures of Confidential Material, Confidential Information, or Attorneys' Eyes Only Information beyond the terms of this Stipulation.

**8. Court Filings.**

If a party files or lodges with the Court any transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admission, and other Material that has previously been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, the papers to be filed with the Court that contain such information shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal, pursuant to Rule 39-141 of the Local Rules of the United States District Court for the Eastern District of California. Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Where a party seeks to file materials under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential in order to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.

**9. Trial.** This Stipulation, insofar as it restricts the communication, use, or disclosure of Confidential Material, Confidential Information, or Attorneys' Eyes Only Information, shall not apply to the introduction, use, or disclosure of such materials and information, and testimony related thereto, as evidence at trial.

**10. Conclusion of Action.** This Stipulation, insofar as it restricts the communication and use of Confidential Material, Confidential Information, and Attorneys' Eyes Only Information, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Upon final determination of this action, including all appeals, the receiving party (but not its outside counsel) shall destroy, in whatever form stored or reproduced, all physical objects and documents that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", and all correspondence, memoranda and notes that contain excerpts from any Confidential Material, Confidential Information, or Attorneys' Eyes Only

Information. The receiving party is not required to destroy any pleadings, deposition transcripts, or other materials filed with the Court; any attorney-client communications; or any other attorney work product materials. Such party shall certify to the disclosing party's attorney of record that it has made reasonable and good faith efforts to destroy such physical objects and documents, and that to the best of its knowledge such physical objects and documents have been destroyed. The attorneys for each party shall be entitled to retain copies of pleadings, motion papers, discovery responses, deposition transcripts, correspondence, legal memoranda, and work product developed in connection with this action, but shall destroy any and all production documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", and all copies in their possession, custody and control. The attorneys for each party shall certify in writing to the disclosing party's attorney of record that it has made reasonable and good faith efforts to destroy confidential production documents, and that to the best of its knowledge such documents have been destroyed.

**11. Discovery Obligations Unaffected.** Nothing in this order shall be construed to relieve any party from the obligation to timely respond to discovery as provided by any order of this Court or the Federal Rules of Civil Procedure, unless (prior to the date for such response) the party obtains from the Court an order relieving such party from its discovery obligation. Furthermore, nothing in this Order requires any party to this action to disclose the identity of any expert witness any sooner than otherwise required by the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**12. Execution in Counterparts.** The parties may execute this Stipulation in counterparts, which together shall constitute a complete document. The Stipulation shall not take effect until it has been executed by each party.

Each counterpart shall be delivered to Downey Brand, LLP, Kevin Seibert, 3425 Brookside Road, Suite A, Stockton, California, 95219, phone number (209) 473-6450, facsimile number (209) 473-6455. An executed counterpart may be transmitted by facsimile and shall be effective and binding on the parties at such time as transmission is complete. In that event, each party, where applicable, agrees to send the original counterpart by United States Postal Service first class mail or overnight delivery on the same day it is sent by facsimile.

DATED: July __, 2007          DOWNEY BRAND LLP


                              By: /s/
                              _____
                                    KEVIN M. SEIBERT
                                    Attorney for Defendants
                                    David Weymouth
                                    Rosalie Carbajal

DATED: July __, 2007          FOLEY & LARDNER LLP


                              By: /s/
                              _____
                                    DAVID MOYER
                                    Attorney for Plaintiff
                                    Hanger Prosthetics & Orthotics, Inc.

DATED: July __, 2007          FORES & MACKO, Profressional Law Corp.


                              By: /s/
                              _____
                                    ROBERT P. FORES
                                    Attorney for Defendant
                                    Center for Rehabilitive Services, Inc.

IT IS SO ORDERED.


DATED: 7/27/07                /s/ Gregory G. Hollows
                              _____
                              JUDGE OF THE UNITED STATES
                                        DISTRICT


Hanger.po

843695.3                           12

STIPULATION

**Exhibit A: Acknowledgment and Agreement to be Bound**

I, _____, hereby declare and certify my understanding that Confidential Material and/or Information is being provided to me pursuant to the terms and restrictions of a Stipulation between Plaintiff HANGER PROSTHETICS & ORTHOTICS, INC., and Defendants CENTER FOR INDEPENDENT REHABILITIVE SERVICES, INC., DAVID WEYMOUTH and ROSALIE CARBAJAL.

I have been given a copy of that Stipulation and I have read it. I agree to be bound by the terms of the Stipulation. I will not reveal the Confidential Material or Information to anyone, except as allowed by the Order. I will maintain all such Confidential Material and Information-- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material and Information to the counsel who provided me with it.

DATED: _____        SIGNED: _____