DOWNEY BRAND LLP
KEVIN M. SEIBERT (Bar No. 119356)
MEGHAN M. BAKER (Bar No. 243765)
3425 Brookside Road, Suite A
Stockton, CA 95219-1757
Telephone: (209) 473-6450
Facsimile: (209) 473-6455

Attorneys for Defendants
David Weymouth, an Individual
Rosalie Carbajal, an Individual

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC., <br><br>Plaintiff, <br><br>v. <br><br>CENTER FOR INDEPENDENT REHABILITIVE SERVICES, INC., a California corporation; DAVID WEYMOUTH, an individual; ROSALIE CARBAJAL; an individual; AND DOES 1-15, <br><br>Defendants. | Case No. 2:07-CV-00190-WBS-GGH <br><br>**JOINT STIPULATION REGARDING GOOD CAUSE TO MODIFY EXPERT DISCLOSURE DATE IN SCHEDULING ORDER AND [PROPOSED] ORDER THEREON** |

Plaintiff Hanger Prosthetics and Orthotics ("Plaintiff"), Defendant David Weymouth and Defendant Rosalie Carbajal (collectively "Individual Defendants") hereby jointly stipulate and seek leave pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to briefly extend an initial expert disclosure deadline and the rebuttal expert disclosure deadline in the Status (Pretrial Scheduling) Order, filed by the Court on February 15, 2007 (hereinafter the "Scheduling Order"). The stipulation and requested extension by the parties would not alter or otherwise affect the dates scheduled for the trial, the final pre-trial conference, or the motion filing deadline. Good cause exists for this request as follows:

Plaintiff provides prosthetics and orthotic devices and services. Individual Defendants are former employees of Plaintiff who worked at one of its patient care centers located in Lodi, California. Plaintiff contends, *inter alia*, that Individual Defendants, while still in its employment, improperly solicited its patients and referral sources for Defendant Center for Rehabilitive Services causing Plaintiff to sustain financial losses.

Both parties have propounded discovery that requests disclosure of certain information and documents that constitute, reflect or disclose confidential, competitively sensitive, and/or proprietary information. Pertinent to this stipulation, Individual Defendants have propounded discovery that seeks disclosure of the patients and referral sources that Plaintiff claims Individual Defendants wrongfully solicited, as well as the financial records for the patient care center in Lodi, California, so that Defendants can assess the basis for the damages claimed by Plaintiff.

To permit the parties to produce such sensitive information while safeguarding its confidentiality, Plaintiff and Defendants agreed to enter into a stipulated protective order. Magistrate Judge Hollows approved the order on Friday, July 27, 2007. Prior to entry of the protective order, no party had produced confidential documents due to patient privacy concerns and the confidential, competitively sensitive, and/or proprietary nature of the requested information.

Immediately upon entry of the protective order, counsel for Plaintiff and Individual Defendants met and conferred regarding the exchange of sensitive information and documents. The parties agreed to exchange the documents and information on Wednesday, August 1, 2007. To date, Individual Defendants have produced all responsive documents that they believe to be within their possession, custody or control. Plaintiff has produced many responsive documents, and has agreed to produce additional non-privileged, responsive documents after completing its review of corporate records and correspondence. Defendant CIRS has not produced any documents, which Plaintiff believes impacts its ability to respond to discovery propounded by Individual Defendants.

Counsel for Plaintiff and Individual Defendants have met and conferred regarding all of these matters and have reached an informal agreement regarding outstanding discovery.

Individual Defendants believe they cannot comply with the current expert disclosure deadline in the Scheduling Order without having additional time to review the documents already produced by Plaintiff, as well as a reasonable opportunity for their counsel and potential expert(s) to review and analyze the documents and other information not yet produced.  At the request of Individual Defendants, Plantiff kindly agreed to grant them a two week extension to permit such review and analysis.  In return, Individual Defendants have agreed to extend the deadline for disclosure of rebuttal experts by two weeks so that Plaintiff will have adequate time to rebut the expert disclosure by Individual Defendants.

To date, the parties have only requested one brief, two week extension of the expert disclosure deadlines in the Scheduling Order.  At the time the parties requested the initial extension, they believed two weeks would be sufficient to produce and review documents and other information.  Despite the fact that the parties have acted diligently to produce these documents and information, and have acted diligently to comply with the deadlines in the Scheduling Order, because of matters that could not have been reasonably foreseen or anticipated, a modification of that Order has become necessary.[1]  Accordingly, the parties respectfully request that the Court modify the existing Scheduling Order by briefly extending the following two dates therein as follows:

|  | Existing Date | Proposed Date |
|---|---|---|
| Initial Expert Disclosures by Individual Defendants | August 17, 2007 | August 31, 2007 |
| Rebuttal Expert Disclosures | September 21, 2007 | Ocotber 5, 2007 |
| Discovery Cutoff | December 14, 2007 | Unchanged |
| Last Hearing Date for Motions | February 15, 2008 | Unchanged |
| Final Pretrial Conference | May 5, 2008 | Unchanged |

---

[1] Defendants did not participate in the filing of a Joint Status Report because they had not yet appeared in the action at the time designated by the Court for filing.

DOWNEY BRAND LLP

| | |
|---|---|
| Trial Date    July 8, 2008 | Unchanged |

DATED: August 16, 2007        DOWNEY BRAND LLP

By: /s/ Meghan M. Baker
MEGHAN M. BAKER
Attorney for Defendants
David Weymouth
Rosalie Carbajal

DATED: August 16, 2007        FOLEY & LARDNER LLP

By: /s/ Aaron M. Schwarcz (as authorized on 8/16/07)
AARON M. SCHWARCZ
Attorney for Plaintiff
Hanger Prosthetics & Orthotics, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 17, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

871371.1

4

JOINT STIPULATION TO MODIFY SCHEDULING ORDER